Larry G. Noe, Esq.    CSBN 128640
LAW OFFICES OF LARRY G. NOE
17621 Irvine Blvd., Ste. 106
Tustin, Ca 92780

Tel: 714-730-7084  Fax: 714-730-7197

Attorney for: Plaintiffs MICHAEL MCLAUGHLIN &
                         SEAN MCLAUGHLIN

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL MCLAUGHLIN;<br>SEAN MCLAUGHLIN,<br><br>               Plaintiffs,<br><br>   vs.<br><br>FAHIME LILLY MCLAUGHLIN, AKA<br>    FAHIME LILY MCLAUGHLIN<br>FARZANEH LINDQUIST, AKA<br>    FARZANEH LINDQUIST KHATAMI,<br><br>          Defendants. | **Civil Action No.** 8:17-cv-2051<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. ABUSE OF PROCESS**<br><br>**2. MALICIOUS PROSECUTION** |

<u>COMPLAINT</u>

1.      This is a civil action for abuse of process and malicious prosecution in the United States Bankruptcy Court, Central District of California, of repetitively filed Chapter 13 petitions resulting in a Bankruptcy Court finding **"that the filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud. 11 U.S.C §362(d)(4) The Court makes the finding that the**

---

**COMPLAINT FOR DAMAGES FOR ABUSE OF PROCESS & MALICIUOUS PROSECUTION**
1

**Debtor was involved in the scheme"**.  Conduct pursuant to the scheme by Defendants constituted abuse of process of the bankruptcy court and malicious prosecution of multiple bankruptcy cases.

INTRODUCTION

2.      This action has arisen under the laws of the United States and is a controversy between parties of different states.

JURISDICTION

3.      This Court has jurisdiction over the subject matter of this civil action pursuant to U.S. Code › Title 28 › Part IV › Chapter 85 › § 1331 based on <u>diversity of citizenship</u> between the parties and pursuant to § 1332 as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States, California and Ohio, and further pursuant to the <u>federal question</u> of defendants violation of 11 U.S.C. 362 et seq,  as found by the US Bankruptcy Court. In ruling on Case No.  8:17-bk-13459-ES **the Court found that the filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors of which the plaintiffs herein were the primary creditors. 11 U.S.C § 362(d)(4) The Court makes the finding that the Debtor was involved in the scheme.** Defendants herein were together in implementation of the scheme to defraud plaintiffs through filing of multiple bankruptcies.

VENUE

4.      This Court is the proper venue for this matter pursuant to U.S. Code › Title 28 › Part IV › Chapter 85 › § 1391 based on the fact that this is the judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.  The defendants herein are residents of the State of California in the County of Orange.

## PARTIES

5.     Plaintiff MICHAEL MCLAUGHLIN is a resident of the State of California in the County of Los Angeles

6.     Plaintiff SEAN MCLAUGHLIN is a resident of the State of Ohio.

7.     Defendant FAHIME LILLY MCLAUGHLIN, aka FAHIME LILY MCLAUGHLIN, is a resident of the State of California with a residential address of: 18912 Ridgeview Circle, Villa Park, CA 92861, County of Orange.

8.     Defendant FARZANEH LINDQUIST,  aka FARZANEH LINDQUIST KHATAMI, is a resident of the State of California with a residential address of: 18912 Ridgeview Circle, Villa Park, CA 92861, County of Orange.

## STATEMENT OF FACTS

9.     Plaintiffs McLaughlin are the holders and beneficiaries of a sister state, New York, civil judgment against Fahime Lilly McLaughlin for $349,969.63. This judgment formed the basis for Plaintiffs filing an application for entry of judgment on sister state judgment in the Superior Court State of California, Orange County Central Justice Center on 08/25/2015 under case number 30-2015-00806445. The Court entered judgment of the sister state judgment on 08/25/2015.

10.     Defendant, Fahime Lilly McLaughlin, judgment debtor under sister state judgment at all times mentioned herein was, and is, along with her sister Defendant Farzaneh Lindquist Khatami the owner of record of residential property located at 18912 Ridgeview Circle, Villa Park, California 92861, County of Orange.

11.     Pursuant to Request of Plaintiffs a Writ of Execution was issued on 12/21/2015. Plaintiffs then on June 03, 2016 filed a petition to sell the property in order to satisfy the judgment against defendants.  Plaintiffs caused a "Notice of Sheriffs Sale of Real Property" to be issued and served

upon all interested parties including the defendants herein. A hearing on the petition to sell real property was held on July 14, 2016, the petition was granted and the property was ordered to be sold in order to satisfy the judgment. Upon receipt of the order to sell real property located at 18912 Ridgeview Circle, Villa Park, CA 92861, County of Orange Plaintiffs notified the Orange County Sheriff to proceed with the sale and the sale of the real property was set for November 22, 2016.

## COUNT ONE

## ABUSE OF PROCESS

12.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained in paragraphs 1through11 above.

13.     Pursuant to the Order to Sale Real Property and "Notice of Sheriffs Sale of Real Property", sale of the Villa Park property was scheduled and noticed for November 22, 2016. In order to stop the sale Defendant Fahime Lilly McLaughlin filed a fraudulent bankruptcy petition on November 18, 2016.  Defendant Fahime Lilly McLaughlin's bankruptcy filing was part of her unlawful scheme, to hinder, delay and defraud plaintiffs in the collection of a legitimate debt.. Her bankruptcy filings were voluntary and incomplete petitions for bankruptcy under Chapter 13 in the United States Bankruptcy Court, Central District of California, Ronald Reagan Federal Building and U.S. Courthouse, under case number 8:17-bk-14750-CB. Defendant listed the real property located at 18912 Ridgeview Circle, Villa Park, California 92861 as property of the bankrupt estate. Filing of this petition generated an automatic stay under 11 U.S.C § 362 staying Plaintiff's pending Order to Sale and Writ of Execution issued by the Superior Court of the State of California.

14.     On 12/19/2016 the bankruptcy Court ordered dismissal of case number 8:17-bk-14750-CB for failure to file schedules, statements and/or plan. Defendant did nothing to prosecute her

1   bankruptcy case.

2   15.     As a consequence of the above fraudulent bankruptcy filing it was necessary to reschedule

3   and notice sale of the property which was set for February 22, 2017. In order to stop the sale, via

4
    a bankruptcy stay, Defendants employed a scheme to hinder, delay, or defraud by which on
5
    February 21, 2017, when one day before the scheduled sale, Defendant Fahime Lilly McLaughlin,
6
7   pursuant to her unlawful scheme, filed a SECOND voluntary, and incomplete, petition for

8   bankruptcy under Chapter 13 in the United States Bankruptcy Court, Central District of California,
9
    Ronald Reagan Federal Building and U.S. Courthouse, under case number 8:17-bk-10640-CB.
10
11  Defendant listed the real property located at 18912 Ridgeview Circle, Villa Park, California 92861

12  as property of the bankrupt estate. Filing of this petition generated an automatic stay under 11

13  U.S.C § 362 staying the pending sale under Plaintiff's Order of Sale and Writ of Execution from
14
    the Superior Court of the State of California.
15
16  16.     Rather than file the requisite schedules, statements and plan, Fahimeh Lilly McLaughlin

17  filed a Request for Voluntary Dismissal of Case, which the Court granted the following day on

18  March 8, 2017.  It should be noted that page 2, paragraph 4 of the Motion to Dismiss Fahimeh
19
    Lilly McLaughlin states, in part, *"I now realize that the filing of the Chapter 13 bankruptcy was*
20
21  *necessary but may not resolve my financial issues with the Judgement creditor".* No other reason

22  for the second bankruptcy filing was stated in the Motion to Dismiss. Moreover, Movant was the

23  only creditor listed within the Motion to Dismiss Proof of Service, as well as, other bankruptcy

24  filings.
25
26  17.     Thereafter, Plaintiff, for the THIRD time, reset the Sheriffs sale for the Villa Park Property

27  on June 15, 2017. However, on June 13, 2017, two (2) days prior to the THIRD scheduled Sheriffs

28  Sale, Farzaneh Linquist Khatami, caused a pleading entitled "Third Party Claim of Ownership of

---

**COMPLAINT FOR DAMAGES FOR ABUSE OF PROCESS & MALICIUOUS PROSECUTION**
5

Farzaneh Linquist Khatami" to be filed in connection with Plaintiff's State Court Action. The filing of Ms. Lindquist's Third Party claim effectively stayed Plaintiff's June 15, 2017 Sheriffs Sale. The State Court ultimately ruled that since the Lindquist I Khatami Third Party Claim had been filed late, the Third Party Claim would be ignored by the Court and Plaintiffs were permitted to re-notice the Sheriffs Sale of the Villa Park Property. Debtor had done nothing to prosecute her Third Party Claim and the State Court ruled it was not valid or enforceable. Pursuant to State Court Orders Plaintiffs reset the Sheriffs Sale for the <u>FOURTH</u> time for August 30, 2017.

18.     However, on August 29, 2017, Defendant Farzaneh Lindquist filed a voluntary petition for bankruptcy under Chapter 13 in the United States Bankruptcy Court, Central District of California, Ronald Reagan Federal Building and U.S. Courthouse, under case number 8:17-bk-13459-ES. Defendant listed the real property located at 18912 Ridgeview Circle, Villa Park, California 92861 as property of the bankrupt estate. Filing of this bankruptcy petition generated an automatic stay under 11 U.S.C § 362, once again staying the pending sale of said property under Plaintiff's Order of Sale and Writ of Execution from the Superior Court of the State of California.

19.     On September 19, 2017, Plaintiff filed a motion for relief from automatic stay in case number 8:17-bk-13459-ES. Hearing was set for and heard on October 19, 2017 and the motion for relief from automatic stay IN REM was granted. **"The Court found that the filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud. 11 U.S.C §362(d)(4) The Court makes the finding that the Debtor was involved in the scheme."**

20.     On November 3, 2017 the bankruptcy Court ordered dismissal of case number 8:17-bk-13459-ES for failure to file schedules, statements and/or plan. Defendant did not oppose the motion and did nothing to prosecute her bankruptcy case.

21.     As a direct and proximate result of the scheme Plaintiffs have been damaged in an amount

1    to be proven at trial of no less than $457,000.

2    COUNT TWO

3    MALICIOUS PROSECUTION

4

5    22    Plaintiffs re-allege and incorporate by reference herein each and every allegation contained

6    in paragraphs 1 through 21 above.

7

8    23.    As found by the US Bankruptcy Court the multiple bankruptcy filings by Defendants were

9    for the wrongful, manipulative and deceitful plan and scheme to hinder, delay and defraud

10   Plaintiffs in their efforts to enforce their lawful sister state judgment through repetitive automatic

11   stays. Such conduct was falls into the category of Vexatious Litigation which are Legal

12   proceedings started with malice and without good case. Vexatious litigation is meant to bother,

13   embarrass, or cause legal expenses to the defendant. A person who starts such litigation either

14

15   knows or should reasonably know that no legal basis for the lawsuit exists. To obtain a remedy

16   for vexatious litigation, the injured party often files a claim for malicious prosecution. In the

17   instant cases Defendants initiated three incomplete bankruptcy petitions in a scheme to hinder,

18   delay, or defraud Plaintiffs plus one "Third Party Claim of Ownership of Farzaneh Linquist

19

20   Khatami", all for the purpose of generating stays of the real property sale process. The consequence

21   of which was to delay and frustrate Plaintiff's enforcement of their sister state judgment. Such

22   conduct intentionally performed is clearly malicious for which the injured party may seek a

23

24   remedy.

25   24.    As a direct and proximate result of the scheme Plaintiffs have been damaged in an amount

26   to be proven at trial of no less than $457,000.

27

28

## PRAYER FOR RELIEF

25.    **WHEREFORE PLAINTIFFS PRAY** for an award in compensation for the damages caused by Defendant in an amount to be proven at trial of no less than $457,000.

26.    Plaintiff seeks a further award of punitive damages in an amount to be proven at trial.

27.    Costs of suit.

28.    Such other and further relief as the Court deems just and proper.

## JURY DEMAND

29.    Plaintiffs request trial by jury.

Respectfully submitted,

                                        LAW OFFICES OF LARRY G. NOE

11/22/2017

                                        /S/ Larry G. Noe
                                        Larry G. Noe, Esq., Attorney for
                                        Plaintiffs Sean & Michael McLaughlin

---

**COMPLAINT FOR DAMAGES FOR ABUSE OF PROCESS & MALICIUOUS PROSECUTION**

8