UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 17-02051 AG (DFMx) | Date | June 25, 2018 |
| Title | MICHAEL MCLAUGHLIN ET AL. v. FAHIME LILLY MCLAUGHLIN ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER DENYING MOTION FOR DEFAULT JUDGMENT, ORDERING PLAINTIFFS TO SHOW CAUSE RE JURISDICTION

Plaintiffs Sean McLaughlin and Michael McLaughlin filed this case against Defendants Fahime Lilly McLaughlin and Farzaneh Lindquist, purporting to assert one claim for "abuse of process" and one claim for "malicious prosecution". (Compl., Dkt. No. 2 at ¶¶ 12–24.) In broad terms, Plaintiffs' allege that Defendants filed multiple "fraudulent bankruptcy petition[s]" and other court documents to prevent Plaintiffs from executing a judgment through the sale of Defendants' real property. (*Id.* at ¶¶ 11, 13, 15, 17, 18.) According to the complaint, Defendants' bankruptcy petitions prevented Plaintiffs from selling Defendants' property under 11 U.S.C. § 362, bankruptcy law's automatic stay provision. Plaintiffs say that the Bankruptcy Court ultimately found that Defendants' filings were "part of a scheme to hinder, delay, or defraud" under 11 U.S.C. § 362(d)(4), a statute authorizing various remedies after a court makes such a finding.

Although Plaintiffs served Defendants in this case, Defendants have failed to appear or otherwise defend themselves. The Clerk of Court entered default against Defendants on March 14, 2018. (Dkt. No. 16.) Now Plaintiffs ask the Court to enter default judgment. (Dkt. No. 22.) But Plaintiffs' motion for default judgment is incomplete. Local Rule 7-5 requires that the motion include a "brief but complete memorandum in support" including "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-02051 AG (DFMx) | Date | June 25, 2018 |
|---|---|---|---|
| Title | MICHAEL MCLAUGHLIN ET AL. v. FAHIME LILLY MCLAUGHLIN ET AL. | | |

points and authorities upon which the moving party will rely." C.D. Cal. L.R. 7-5(a). Plaintiffs' motion for default judgment, which includes a one-page "Memorandum of Points and Authorities", doesn't sufficiently analyze why default judgment is appropriate under the relevant standards. *See, e.g., Eitell v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (detailing various default judgment factors). Consequently, the Court cannot conclude that default judgment is appropriate at this time.

Further, there's a more fundamental problem with Plaintiffs' case. Although Plaintiffs assert subject matter jurisdiction under both diversity of citizenship and federal question, the Court isn't convinced. (Dkt. No. 2 at ¶ 3.) The exercise of jurisdiction based on diversity of citizenship requires complete diversity. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381 (1998) (emphasis added); *see also Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005). Plaintiff Michael McLaughlin and both defendants are from California, so the parties aren't completely diverse. *See Schacht*, 524 U.S. 381 at 389. As for federal question jurisdiction, Plaintiffs' complaint alleges that subject matter jurisdiction exists because the Bankruptcy Court found Defendants' multiple bankruptcy filings were "part of a scheme to hinder, delay, or defraud creditors of which the plaintiffs herein were the primary creditors" and thus "violated" the automatic stay provision of 11 U.S.C. § 362. (*Id.* at ¶ 3.) But Plaintiffs haven't sufficiently shown that a separate federal claim stems from the Bankruptcy Court's decision. More to the point, they haven't shown that their purported claims for "abuse of process" and "malicious prosecution" arise "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

Accordingly, the Court DENIES Plaintiffs' motion for default judgment with leave to refile an appropriate motion. (Dkt. No. 22.) Further, the Court ORDERS Plaintiffs to show cause in writing by **July 27, 2018,** why this action should not be dismissed for lack of subject matter jurisdiction. The Court also SETS this matter for a show cause hearing concerning subject matter jurisdiction on **August 6, 2018, at 9:00am.**